```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


SYLVIA CARAVETTA,                 )
                                  )
     Plaintiff,                   )
                                  )
          v.                      )    1:11cv540 (JCC/JFA)
                                  )
JAMES RIVER INSURANCE             )
COMPANY,                          )
                                  )
     Defendant.                   )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant James River Insurance Company's Motion to Dismiss. For the following reasons, the Court will grant Defendant's motion.

### I.  Background

    A.    Factual Background

This case involves allegations of medical malpractice. On May 19, 2009, Plaintiff underwent an abdominal liposuction procedure performed by Dr. Al Muzzammel, who was licensed to practice medicine in the Commonwealth of Virginia. (Compl. ¶¶ 3, 5.) The procedure was performed at Dr. Muzzammel's office located in Vienna, Virginia. (Compl. ¶ 5.) Plaintiff submits that she paid at least $300 for the procedure. (Compl. ¶ 7.) Plaintiff alleges that Dr. Muzzammel performed the procedure in a negligent manner, which resulted in "unevenness" in her

1

abdominal area and discoloration in the form of "pink blotches." (Compl. ¶¶ 12, 13.) In addition to these physical conditions, Plaintiff submits that she has suffered various forms of mental anguish as a result. (Compl. ¶ 21.) Plaintiff submits that she attempted to obtain a refund for the procedure from Dr. Muzzammel's office, but that her "calls weren't returned." (Compl. ¶ 17.) Dr. Muzzammel passed away on March 19, 2011. (D. Mem. [Dkt. 5] at 1.)

On May 18, 2011, Plaintiff filed a Complaint against James River Insurance Company (James River). [Dkt. 1.] At the time of the procedure, Dr. Muzzammel was insured by James River. (Compl. ¶ 5; D. Mem. at 1). The Complaint focuses primarily on actions taken by Dr. Muzzammel and his office, but it does state that "I attempted to settle this situations with James River Insurance, however I now see that the lady had no intention whatsoever of settling anything and was only stringing me along so that my time would run out." (Compl. ¶ 18.)

B. Procedural Background

Plaintiff filed her Complaint pursuant to this Court's diversity jurisdiction on May 18, 2011. [Dkt. 1.] The Complaint contains one count of medical negligence. (Compl. ¶ 20.) Plaintiff seeks a judgment against Defendant "in excess of" two million dollars, plus interest and costs. (Compl. at 5.)

2

On August 8, 2011, Defendant filed a Motion to Dismiss.  [Dkt. 4.]  Plaintiff filed a Response in Opposition on August 23, 2011.  [Dkt. 7.]  On October 20, 2011, Plaintiff filed a Motion to Seal the Complaint [Dkt. 9], a Motion for a Hearing on the Motion to Seal [Dkt. 10], and a Motion to Appear at Hearings by Telephone [Dkt. 11].  On October 27, 2011, the Court denied Plaintiff's Motion to Seal and its related Motion for a Hearing, but granted Plaintiff's Motion to Appear at Hearings by Telephone.  [Dkt. 12.]

Defendant's motion is now before the Court.

## II.  Standard of Review

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a 12(b)(6) motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)(citation omitted).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949-50.

The Court construes the *pro se* Complaint in this case more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, the Court is aware that "[h]owever inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 U.S. App. LEXIS 22373, 1999 WL 717280, at *1 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319

(1972)).  Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).  Thus, even in cases involving *pro se* litigants, as in here, the Court "cannot be expected to construct full blown claims from sentence fragments."  *Id.* at 1278.

### III.  Analysis

In order to state a claim for medical negligence, the pleader must allege a breach of the standard of care, proximate causation, and resultant damages.  *See Perdieu v. Blackstone Family Practice Ctr.*, 568 S.E.2d 703, 710 (Va. 2002).  The Complaint states the "treatment covered by James River Insurance company . . . was negligent and below the standard of care." (Compl. ¶ 20.)  The Complaint does not allege any facts indicating that James River performed a medical procedure or breached the standard of care.  As a result, Plaintiff has not stated a claim for medical negligence upon which relief can be granted.[1]

---

[1] Plaintiff's statement in the Complaint regarding discussions of settlement with Defendant, and Plaintiff's statement in her Response that Defendant was negligent because it "willingly insured Muzzammel even though Muzzammel was found to be negligent in a previous case" (P. Response ¶ 5), fall short of stating any other potential claim upon which relief can be granted.  (The Court also notes that Plaintiff had not obtained leave of the Court to file

Plaintiff's Complaint asserts a claim for medical negligence against James River based solely on its status for insurer of Dr. Muzzamell.  Virginia, however, is not a direct action state.  *See Builders Mut. Ins. Co. v. Futura Group*, L.L.C., 779 F. Supp. 2d 529, 534-35 (E.D. Va. 2011); *Brown v. Slenker*, 197 F. Supp. 2d 497, 500 n.4 (E.D. Va. 2002); *Hudgins v. Jones*, 205 Va. 495, 500 (Va. 1964); *Buchanan v. Doe*, 246 Va. 67 (Va. 1993).  Although, "[a]n injured party is a beneficiary under the tort-feasor's liability policy," "in Virginia, an injured person must reduce his claim to judgment before bringing an action against the tort-feasor's liability insurer."  *United Servs. Auto. Asso. v. Nationwide Mut. Ins. Co.*, 218 Va. 861, 867 (Va. 1978) (citing *Railroad v. Hughes-Keegan, Inc.*, 207 Va. 765, 773, 152 S.E.2d 28, 33-34 (1967); *Emp'rs Liab. v. Taylor*, 164 Va. 103, 110, 178 S.E. 772, 774 (1935)).  "Moreover, [Virginia] Code § 8.01-5 (formerly § 8-96), prohibits the joinder of an insurance company on account of the issuance of an insurance policy to or for the benefit of any party to any cause."  *Id.*[2]  As a result, Plaintiff cannot maintain an action against Defendant unless a judgment is first obtained, and then "[a]rmed

---

additional allegations, considered amendments to the pleadings, in her Response.)

[2] Virginia Code § 8.01-5B states: "Nothing in this section shall be construed to permit the joinder of any insurance company on account of the issuance to any party to a cause of any policy or contract of liability insurance, or on account of the issuance by any such company of any policy or contract of liability insurance for the benefit of or that will inure to the benefit of any party to any cause."  Va. Code Ann. § 8.01-5B (2011).

with a judgment, [she] could do so, subject to the [] statute of limitations." *Id.* Here there is no indication Plaintiff has reduced her claim against Dr. Muzzamell to judgment.

### IV. Conclusion

For these reasons, the Court will grant Defendant's Motion to Dismiss.

An appropriate Order will issue.

|  |  |
|---|---|
| December 21, 2011<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |